IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BEUTLER,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN E. POTTER, Postmaster General,<br><br>    Defendant.<br>_____/ | No. C 06-1833 CW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT |

    Plaintiff pro se commenced this action claiming that Defendant illegally discriminated against him on the basis of his race and disability.  Defendant moves to dismiss the amended complaint on the basis that Plaintiff did not exhaust his administrative remedies and did not file the complaint within the limitations period.  Having considered the papers filed by both parties, the Court grants Defendant's motion.

BACKGROUND

    Plaintiff is a United States Postal Service employee.  On March 9, 2006, he filed a form complaint for employment discrimination, alleging that he was discriminated against based on

his race (white) and mental disability (attention deficit hyperactivity disorder) when he was suspended for seven days for failing to follow instructions.  The alleged discrimination occurred on or about March 26, 2005.  According to the complaint, Plaintiff filed charges with the Equal Employment Opportunity Commission (EEOC) on or about June 14, 2005.

The EEOC issued a final decision on June 30, 2005; Plaintiff states that he received it on or about August 1, 2005.  The decision, which is attached to the complaint, states that Plaintiff first sought counseling from the Postal Service's office of Equal Employment Opportunity (EEO) on May 25, 2005.  It notes that Plaintiff should have sought EEO counseling forty-five days after the alleged discrimination occurred on March 26, 2005.  Because he did not, his complaint was dismissed as untimely.  The EEOC advised Plaintiff that if he was dissatisfied with the decision, he "may file a civil action in an appropriate United States District Court, within **90** calendar days" of his receipt of the final decision. EEOC Decision at 2 (emphasis in original).

Defendant filed a motion to dismiss the original complaint for failure to exhaust administrative remedies and to file within the limitations period.  The Court granted Defendant's motion, but granted Plaintiff leave to amend his complaint to allege facts showing that he had exhausted his claims and that they were not barred by the statute of limitations.

Plaintiff filed an amended complaint on February 23, 2007. The amended complaint contains many of the same allegations

2

Plaintiff made in opposing Defendant's earlier motion to dismiss.[1] Specifically, the amended complaint alleges that Plaintiff "didn't find out that he was discriminated against until the grievance was settled a month and a half later do [sic] to a union officer of the NALC being on vacation for a month and this is what made the delay of the settlement of this grievance." Am. Compl. at 1. The amended complaint also states that Plaintiff attempted to commence the present action on September 23, 2005 by leaving the complaint in the court's after-hours drop box. He claims he did not learn that the complaint had not been filed until he inquired with the court clerk on March 9, 2006. On that date, he completed and filed a duplicate complaint.

## LEGAL STANDARD

I.  Federal Rule of Civil Procedure 12(b)(1)

Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). Federal subject matter jurisdiction must exist at the time the action is commenced. <u>Morongo Band of Mission Indians v. Cal. State Bd. of Equalization</u>, 858 F.2d 1376, 1380 (9th Cir. 1988), <u>cert. denied</u>, 488 U.S. 1006 (1989). A Rule 12(b)(1) motion may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege an actual lack of

---

[1] The amended complaint does not contain a statement of the underlying facts supporting Plaintiff's discrimination claim; it contains only the allegations he added to avoid dismissal based on failure to exhaust and the statute of limitations. However, because <u>pro se</u> complaints should be read liberally, the Court construes the amended complaint to incorporate the allegations set forth in the original complaint.

3

1  jurisdiction which exists despite the formal sufficiency of the
2  complaint.  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594
3  F.2d 730, 733 (9th Cir. 1979); Roberts v. Corrothers, 812 F.2d
4  1173, 1177 (9th Cir. 1987).  "A district court may hear evidence
5  and make findings of fact necessary to rule on the subject matter
6  jurisdiction question prior to trial, if the jurisdictional facts
7  are not intertwined with the merits."  Rosales v. United States,
8  824 F.2d 799, 803 (9th Cir. 1987).  Under these circumstances, the
9  allegations in the complaint are not presumed to be true.  Id.; see
10 also McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988)
11 (district court "may review any evidence, such as affidavits and
12 testimony, to resolve factual disputes concerning the existence of
13 [subject matter] jurisdiction").
14      Subject matter jurisdiction is a threshold issue which goes to
15 the power of the court to hear the case.  A federal court is
16 presumed to lack subject matter jurisdiction until the contrary
17 affirmatively appears.  Stock West, Inc. v. Confederated Tribes,
18 873 F.2d 1221, 1225 (9th Cir. 1989).  An action should not be
19 dismissed for lack of subject matter jurisdiction without giving
20 the plaintiff an opportunity to amend unless it is clear that the
21 jurisdictional deficiency cannot be cured by amendment.  May Dep't
22 Store v. Graphic Process Co., 637 F.2d 1211, 1216 (9th Cir. 1980).
23 II.  Federal Rule of Civil Procedure 12(b)(6)
24      A complaint must contain a "short and plain statement of the
25 claim showing that the pleader is entitled to relief."  Fed. R.
26 Civ. P. 8(a).  When considering a motion to dismiss under Rule
27 12(b)(6) for failure to state a claim, dismissal is appropriate

**United States District Court**
For the Northern District of California

4

only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. See Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964 (2007). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65 (internal quotation marks and citations omitted). Rather, the complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level." Id. at 1965.

In considering whether the complaint is sufficient to state a claim, all material allegations will be taken as true and construed in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

When granting a motion to dismiss, a court is generally required to grant a plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, a court examines whether the complaint could be

5

amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. Id. at 296-97.

## DISCUSSION

Defendant contends that this Court lacks jurisdiction over Plaintiff's claims because he did not contact an EEO counselor within forty-five days of the alleged discrimination and thus did not exhaust his administrative remedies. Defendant also argues that Plaintiff did not file this action within ninety days of receiving his right-to-sue letter from the EEOC, and therefore his claims are barred by the statute of limitations.

I.  Exhaustion of Administrative Remedies

Before bringing a federal employment discrimination claim under Title VII or the Rehabilitation Act,[2] a plaintiff must first exhaust his or her administrative remedies. 42 U.S.C. § 2000e-16(c); Sommatino v. United States, 255 F.3d 704, 707-08 (9th Cir. 2001); Cherosky v. Henderson, 330 F.3d 1243, 1245 (9th Cir. 2003). Exhaustion requires compliance with any applicable regulations governing when and how complaints must be made. See Greenlaw v. Garrett, 59 F.3d 994, 997 (9th Cir. 1995). According

---

[2] Plaintiff states that he brings this action under the Americans with Disabilities Act (ADA). The federal government is not an employer within the meaning of the ADA, however, and thus Plaintiff's disability claim must proceed under the Rehabilitation Act. See 42 U.S.C. § 12111(5)(B)(1).

6

to EEOC regulations, a federal employee "must initiate contact with [an EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). Failure to comply with this regulation is "fatal to a federal employee's discrimination claim." Lyons v. England, 307 F.3d 1092, 1105 (9th Cir. 2002).

As noted above, according to the final EEOC decision, Plaintiff did not contact an EEO counselor within forty-five days of the alleged discriminatory act. The amended complaint states that Plaintiff did not learn that he had been discriminated against until his union grievance was settled, at which time the forty-five-day period had already passed. Aside from Plaintiff's vague assertion that he "didn't find out all of the fact [sic] of this case when [he] had time to do so," he does not explain how the resolution of his grievance informed his belief that he had been discriminated against. Nor do the grievance documents attached to the amended complaint provide any insight into the circumstances surrounding Plaintiff's discovery of the alleged discrimination.

Plaintiff also claims that "it took the EEO Office from May 6, 2005 until May 26, 2005 to make the case an EEO case." It is not clear what Plaintiff means by this. In any event, the amended complaint does not contend that he contacted an EEO counselor within forty-five days of the alleged discrimination, as he was required to do.

Because the amended complaint neither alleges that Plaintiff contacted an EEO counselor within forty-five days of his suspension

7

nor establishes that Plaintiff could not reasonably have suspected he had been discriminated against until his union grievance was settled, the Court finds that Plaintiff has not exhausted his administrative remedies. Thus, Plaintiff has not satisfied the statutory precondition to bringing a claim under Title VII or the Rehabilitation Act. See Vinieratos v. United States, 939 F.2d 762, 768, n.5 (9th Cir. 1991).

II. Statute of Limitations

A plaintiff must bring a claim under Title VII or the Rehabilitation Act within ninety days of receiving a right-to-sue letter from the EEOC. See, e.g., Scholar v. Pac. Bell, 963 F.2d 264, 266-67 (9th Cir. 1992). It is not disputed that the complaint in this action was not filed within the ninety-day period. However, Plaintiff impliedly argues that the Court should apply the doctrine of equitable tolling to excuse his late filing.

Equitable tolling may be invoked to "excuse a claimant's failure to comply with the time limitations where she had neither actual nor constructive notice of the filing period." Leorna v. U.S. Dep't of State, 105 F.3d 548, 551 (9th Cir. 1997). "If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000). However, courts apply the doctrine of equitable tolling only sparingly, and are "much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving

8

his legal rights." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).

As made clear by the EEOC's final decision, Plaintiff was informed that he had ninety days after receiving the decision to file an action in federal district court. This action was not filed until March 9, 2006, months after the ninety-day window had passed. In the amended complaint, Plaintiff contends that he actually attempted to file the action on September 23, 2005 by leaving the complaint in the court's after-hours drop box. In explaining why he did not realize until March 9, 2006 that the case had not been filed, he states that he "didn't know how long it would take for the court to respond to the case." Am. Compl. at 1.

Even if the Court were to give full credence to Plaintiff's allegation that his failure to file on time was due to the clerk's error, and even if equitable tolling could be invoked to excuse Plaintiff for this error, Plaintiff's subsequent actions demonstrate a lack of the required due diligence. If Plaintiff had promptly attempted to confirm with the clerk's office that his complaint had been received, he would have learned that it had not, and he would have been able to re-file the complaint in time to meet the ninety-day deadline. Instead, he waited nearly six months before establishing that his case had not been filed and taking appropriate action. While Plaintiff points to his unfamiliarity with the workings of the federal courts to explain his delay, a reasonably diligent pro se litigant unfamiliar with the court's filing procedures would have followed up by attempting to contact the court after leaving a complaint in the court's after-hours drop

9

box.  Accordingly, the Court finds that Plaintiff inexcusably failed to file his action within the appropriate limitations period.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss Plaintiff's amended complaint (Docket No. 21).  Because the amended complaint failed to allege facts sufficient to overcome the shortcomings for which the original complaint was dismissed previously, it is dismissed with prejudice.  The Clerk shall enter judgment in favor of Defendant and close the file.  Each party shall bear its own costs of the action.

IT IS SO ORDERED.

Dated: 10/11/07

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RICHARD BEUTLER,

    Plaintiff,

v.

JOHN E. POTTER et al,

    Defendant.

Case Number: CV06-01833 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 11, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James A. Scharf
Office of the United States Attorney
150 Almaden Blvd., Suite 900
San Jose, CA 95113

Richard Beutler
2780 Goodwin Ave.
Redwood City, CA 94061

Dated: October 11, 2007

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk

11